**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4517**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

LAWRENCE LEO HAWKINS, JR.,

        Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Raymond A. Jackson, District Judge.  (2:04-cr-00060-RAJ-TEM-1)

Submitted:  September 13, 2011    Decided:  September 15, 2011

Before AGEE, DAVIS, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Keith N. Hurley, Richmond, Virginia, for Appellant.  William David Muhr, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lawrence Leo Hawkins, Jr., was sentenced to ninety days in prison following the revocation of his supervised release. Hawkins' counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that he has reviewed the record and believes Hawkins' appeal is frivolous, and asking that he be allowed to withdraw from further representation of Hawkins. Counsel nonetheless identifies two issues he believes Hawkins may wish to raise on appeal: (1) that the district court lacked jurisdiction to determine whether Hawkins violated his probation; and (2) that Hawkins received ineffective assistance of counsel during the revocation hearing. The Government has declined to file a responsive brief and Hawkins has failed to file a pro se supplemental brief despite receiving notice of his right to do so. We deny counsel's motion to withdraw and affirm the district court's judgment.

Although counsel suggests that the district court lacked jurisdiction to consider Hawkins' probation violations, counsel correctly concedes that this assertion is meritless. See 18 U.S.C. § 3565(a) (2006) (providing the district court with authority to revoke probation and sentence a defendant to a term of imprisonment if the defendant refuses to comply with probation terms). Although counsel also suggests that Hawkins may wish to raise an ineffective assistance of counsel claim on

appeal, such claims are cognizable on direct appeal only if counsel's ineffectiveness conclusively appears on the record. See United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006) (reiterating that this court will only address an ineffective assistance of counsel claim on direct appeal "if the lawyer's ineffectiveness conclusively appears from the record"). We have reviewed the record pertaining to the district court's revocation of Hawkins' supervised release and conclude that no cognizable ineffective assistance of counsel claim conclusively appears on the record.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. Accordingly, we deny counsel's motion to withdraw and affirm the district court's judgment. This court requires that counsel inform Hawkins, in writing, of the right to petition the Supreme Court of the United States for further review. If Hawkins requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may then move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hawkins. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED